UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KIM LEE MILLBROOK,
    Plaintiff,

vs.                          06-4043

CORRECTIONAL OFFICER PRINE, et. al.,
    Defendants.

## ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. .

    The plaintiff has filed this lawsuit pursuant to 42 U.S.C. §1983. The plaintiff claims his constitutional rights were violated at the Rock Island County Jail. The plaintiff has named seven defendants including the Rock Island County Jail and Correctional Officers Prine, Burgess, Perez, Lagaisse, Dyer, and Viren.

    The plaintiff says on May 21, 2006, Officer Prine noticed that the plaintiff had extra toilet paper in his cell. The officer entered the cell and ordered the plaintiff to drop to his knees and cuff up. The plaintiff says the defendants then proceeded to spray mace in his eyes and punched and kicked the plaintiff even though he was not offering any resistance. The plaintiff says he was then denied medical care for his injuries. It is not clear what kind of injuries the plaintiff had or if he was denied treatment for his eyes. However, at this point the plaintiff has adequately alleged violations of the Eighth Amendment based on the use of excessive force and deliberate indifference to a serious medical condition.

    The plaintiff has failed to state a claim against the Rock Island County Jail. A local governmental unit can be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. *Monell v. New York City Department of Social Services,* 436 US 658, 694(1978). The plaintiff does not allege that any policy or custom at the Rock Island County Jail resulted in his alleged violations. Therefore, the court will dismiss this defendant and any intended official capacity claims.

    The court notes that this incident occurred in May of 2006 and the plaintiff filed this lawsuit on July 17, 2006. The plaintiff claims he has exhausted all administrative remedies either by following the jail's grievance procedures or failing to get responses to his grievances. It is not entirely clear that the plaintiff did in fact exhaust his administrative remedies, but this issue can only be addressed in a well-documented motion for summary judgement.

**IT IS THEREFORE ORDERED that:**

1) The plaintiff has adequately alleged that Defendants Prine, Burgess, Perez, Lagaisse, Dyer and Viren violated his Eighth Amendment rights on May 21, 2006 when they used excessive force and were deliberately indifferent to his serious medical condition. The two Eighth Amendment claims are against the defendants in their individual capacities only.

2) The plaintiff has failed to state any official capacity claim and any claim against the Rock Island County Jail. The clerk of the court is directed to dismiss the Rock Island County Jail from this lawsuit.

3) This case shall proceed solely on the federal claims identified in paragraph (1) above. Any claims not set forth in paragraph (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) The court entered an order on July 25, 2006, granting the plaintiff's motion to proceed in forma pauperis and directing the plaintiff to pay an initial partial filing fee of $51.86. This fee must be paid on or before August 31, 2006 or this case will be dismissed. The clerk is directed to provide a copy of this order to the plaintiff's place of confinement, to the <u>attention of the Trust Fund Office</u>.

6) After the plaintiff pays the initial partial filing fee as directed, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

7) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

8) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 23rd day of August, 2006.

                s\Harold A. Baker

        _____
                HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE